IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD W. CALDARONE, | ) | CIV. NO. 13-00628 JMS-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT WITHOUT |
| vs. | ) | PREJUDICE |
| | ) | |
| KURT NIELSEN; ISLAND HOME | ) | |
| CAPITAL; DENNIS KAPING; OLD | ) | |
| REPUBLIC TITLE; RANDE K. | ) | |
| YEAGER; ONE WEST BANK; JOE | ) | |
| OTTING; ROUTH, CRABTREE, | ) | |
| OLSEN; STEPHEN ROUTH; | ) | |
| OCWEN LOAN SERVICING; RON | ) | |
| M. FARIS; EXPERIAN; DON | ) | |
| ROBERT; FANNIE MAE;[1] and TIM | ) | |
| MAYOPOULIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE

## I. INTRODUCTION

Before the court is Plaintiff Richard W. Caldarone's ("Plaintiff")

Second Amended Complaint ("SAC").[2]  Doc. No. 14.  This is Plaintiff's latest

---

[1] Fannie Mae is otherwise known as the Federal National Mortgage Association.  *See Diaz v. Fed. Nat'l Mortg. Ass'n*, ___F. Supp. 2d___, 2013 WL 6894453, at *1 (D. Haw. Dec. 31, 2013).

[2] Although titled "Third Amended Complaint," this is the third pleading Plaintiff filed, following the initial Complaint, Doc. No. 1, and Amended Complaint, Doc. No. 8.  The court construes the instant pleading as a Second Amended Complaint.

attempt to correct pleading deficiencies including failure to assert subject matter jurisdiction, failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8, and failure to establish that the claims asserted are not duplicative of those asserted in *Caldarone v. Otting*, Civ. No. 13-00516 DKW-BMK.  For the reasons discussed below, the SAC is dismissed without prejudice.

## II.  BACKGROUND

### A.    Complaint

On November 18, 2013, Plaintiff filed a letter (and $400 filing fee) asserting state law tort claims based on allegations of wrongdoing by various individuals and entities in connection with the issuance, servicing, and impending foreclosure of a mortgage.  Doc. No. 1.  The letter failed to name specific Plaintiffs or Defendants, but the court construed the letter as a Complaint with Richard W. Caldarone as the Plaintiff, and the following individuals and entities as Defendants:  Kurt Nielsen ("Nielsen"), Island Home Capital ("Island Home"), Dennis Kaping ("Kaping"), and One West Bank ("One West").  Doc. No. 7, Order Dismissing Complaint with Leave to Amend ("November 25 Order") at 1.  The court dismissed the Complaint with leave to amend, based on a lack of subject matter jurisdiction and Plaintiff's failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  *Id.* at 8.  The November 25 Order explained

that if Plaintiff wished to file an Amended Complaint, he must:

    (1)    clearly state the relief sought and how there is basis for a claim in federal court.  In other words, Plaintiff must explain the basis of this court's jurisdiction;

    (2)    name each Defendant (whether an entity or person) and clearly state how each Defendant has injured him, or how the court can provide relief against Defendant.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action; and

    (3)    (if a claim alleges fraud) state with "particularity the circumstances constituting fraud" as required by Federal Rule of Civil Procedure 9(b) (e.g., what was fraudulent, when it occurred, and how it was fraudulent).

*Id.*

## B.     Amended Complaint

On December 17, 2013, Plaintiff filed a second letter purporting to be an Amended Complaint and naming as Defendants:  Nielsen; Island Home; Kaping; Old Republic Title; Rande K. Yeager ("Yeager"); One West; Joe Otting ("Otting"); Routh, Crabtree, Olsen; Stephen Routh ("Routh"); Ocwen Loan Servicing ("Ocwen"); Ron M. Faris ("Faris"); Experian; Don Robert ("Robert");

Fannie Mae; and Tim Mayopoulis ("Mayopoulis") (collectively, "Defendants").

Doc. No. 8.  On December 23, 2013, the court dismissed the Amended Complaint

stating that it "suffer[ed] from the same deficiencies as the Complaint."  Doc. No.

9, Order Dismissing Amended Complaint with Leave to Amend ("December 23

Order") at 2.  More specifically, the December 23 Order explained that

> Plaintiff cursorily states that he suffered a Constitutional
> violation of his due process rights, but he fails to allege
> facts sufficient to show what any Defendant specifically
> did or did not do that would support such a cause of
> action. . . .  And although Plaintiff identified specific
> Defendants, he failed to allege facts that would support
> diversity jurisdiction -- *i.e.*, specific facts showing that
> none of the individual and corporate Defendants is a
> citizen of Hawaii.  Furthermore, Plaintiff did not allege
> . . . how specific actions or inactions of each Defendant
> create a plausible claim for relief in connection with each
> specific cause of action.

*Id.* at 2-3.  In addition, the court noted that Plaintiff had previously filed a separate

action against One West, Otting, Ocwen, and Faris "for what appears to be the

same claims asserted against these specific defendants and arising out of the same

foreclosure at issue in the instant action."  *Id.* at 3.

The December 23 Order "grant[ed] Plaintiff one more opportunity to

attempt to correct the deficiencies on the Amended Complaint . . . and to ensure

that he is not asserting claims that are duplicative of those asserted in *Caldarone v.*

4

*Otting*, Civ. No. 13-00516 DKW-BMK." *Id.* at 4.  The December 23 Order set a January 23, 2014 deadline and warned that failure to comply "with the instructions set forth in this and the November 25 [Order] will result in this action being dismissed with prejudice." *Id.* at 4-5.  Finally, the December 23 Order warned "that the court will not afford him yet another chance to correct the same deficiencies." *Id.* at 5.

**C.      Second Amended Complaint**

On January 22, 2014, the court granted Plaintiff's request for an extension of time, Doc. No. 12, and on February 6, 2014, Plaintiff filed the instant SAC.  Doc. No. 14.  The SAC asserts that this court has subject matter jurisdiction pursuant to the Constitution of the United States, specifically Article III, § 2[3] and the Fifth Amendment, as well as 42 U.S.C. § 1981, et seq.  Doc. No. 14, SAC § 1. The SAC's allegations mention various claims including fraud; violation of fiduciary duty; infliction of emotional distress; failure to train, supervise and monitor employees; predatory loan practices; gross negligence; wrongful foreclosure; and deprivation of property without just compensation.  *Id.* at 11-17. The SAC identifies each Defendant, alleges citizenship, where known, and rather

_____

[3]  The SAC refers to "controversies between citizens of different states" and alleges citizenship of Plaintiff and some Defendants.  Liberally construed, the court finds that Plaintiff attempts to allege diversity jurisdiction.  Doc. No. 13, SAC, ¶¶ 1-17.

than set forth a specific count for each claim, asserts all claims and prayers for relief against a specific Defendant in a single count.  For example, Count I includes allegations and all claims and prayers for relief solely against Nielsen. *Id.* at 11-12.  Further, the SAC makes no mention of *Caldarone v. Otting*, Civ. No. 13-00516 DKW-BMK.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

### III.  <u>STANDARD OF REVIEW</u>

Because Plaintiff is proceeding pro se, the court liberally construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

The court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville*

*Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003)

("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in

every case."); Fed. R. Civ. P. 12(h)(3).  "Federal courts are courts of limited

jurisdiction," possessing "only that power authorized by Constitution and statute."

*United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v.

Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Plaintiff bears the burden of

establishing subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377.  At the

pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the

court to assert subject matter jurisdiction over the action.  *McNutt v. Gen. Motors

Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props.

Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Further, the court may also dismiss a complaint *sua sponte* for failure

to comply with Federal Rule of Civil Procedure 8.  Rule 8 mandates that a

complaint include a "short and plain statement of the claim," Fed. R. Civ. P.

8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R.

Civ. P. 8(d)(1).  A district court may dismiss a complaint for failure to comply

with Rule 8 where the complaint fails to provide defendants with fair notice of the

wrongs they have allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172,

1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (determining dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

## IV.  DISCUSSION

As discussed below, the SAC fails to correct the deficiencies of prior pleadings.

### A.     The SAC Fails to Establish Subject Matter Jurisdiction

Plaintiff again fails to establish subject matter jurisdiction.  As this court has already explained:

> In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways.  First, Plaintiff may assert that Defendant violated the Constitution, a federal law, or treaty of the United States.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Alternatively, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, Plaintiff must include

8

> in the Complaint allegations regarding both the diversity
> of citizenship and the proper amount in controversy. *See
> Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01
> (9th Cir. 1990).

Doc. No. 7, Nov. 25 Order at 6.

### *1.      Federal Question Jurisdiction*

In order to establish federal question jurisdiction, Plaintiff must do more than merely assert that his claims arise under federal law -- he must also allege facts that are sufficient to state a plausible claim under that federal law. *See McNutt*, 298 U.S. at 189 (explaining that a plaintiff "must allege in his pleading the facts essential to show jurisdiction. . . . [J]urisdiction may [not] be maintained by mere averment"); *see also* Doc. No. 7, Nov. 25 Order, at 8 (directing Plaintiff to explain "how those specific facts create a plausible claim for relief in reference to a specific statute"). Although Plaintiff asserts that this court has jurisdiction pursuant to the United States Constitution and 42 U.S.C. § 1981, the SAC contains no factual allegations to support those assertions.

### a.      *Fifth Amendment*

The Fifth Amendment, which guarantees that "no person shall be deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V., "applies only to actions of the federal government." *Lee v. City of Los*

9

*Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).  Plaintiff does not allege that any

Defendant is a federal actor.  And courts have consistently held that Fannie Mae

"is not a government actor for purposes of constitutional claims."  *Lopez v. Bank*

*of Am., N.A.*, 920 F. Supp. 2d 798, 801 (W.D. Mich. 2013) (collecting cases); *see*

*also Diaz v. Fed. Nat'l Mortg. Ass'n*, ___F. Supp. 2d ___, 2013 WL 6894453, at

*17 (D. Haw. Dec. 31, 2013) (finding that Fannie Mae is not a government actor

following its being placed in conservatorship under Federal Housing Finance

Agency).  Absent any factual allegation that a federal actor was involved in the

issuance, servicing, and foreclosure of Plaintiff's mortgage, the SAC does not state

a plausible claim for violation of the Fifth Amendment.  Thus, the SAC fails to

establish federal court federal question jurisdiction pursuant to the Fifth

Amendment.

> b.    *Case or controversy clause*

        And the assertion of subject matter jurisdiction pursuant to Article III,

§ 2 of the Constitution is misplaced.  Section 2's "case or controversy" clause

refers to "[w]hether a claim is ripe for adjudication."  *St. Clair v. City of Chico*,

880 F.2d 199, 201 (9th Cir. 1989) (citing *Unity Ventures v. Cnty. of Lake*, 841

F.2d 770, 774 (7th Cir.), *cert. denied*, 488 U.S. 891 (1988)); *see also Temple v.*

*Abercrombie*, 903 F. Supp. 2d 1024, 1030-31 (D. Haw. 2012) (explaining that

when determining whether a federal court has subject matter jurisdiction, Article III's case or controversy clause refers to whether a case is justiciable, as reflected in the doctrines of standing, ripeness, and mootness).  In other words, even when a cause of action arises under federal law, the "case or controversy" clause imposes the additional requirement that the claim be justiciable -- the clause itself is not sufficient to confer federal question jurisdiction.  *See Haw. Disability Rights Ctr. v. Cheung*, 513 F. Supp. 2d 1185, 1190 (D. Haw. 2007) ("A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not 'arise under' any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute.") (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962)).  The SAC fails to establish federal court federal question jurisdiction pursuant to Article III, § 2 of the United States Constitution.

        *c.      42 U.S.C. § 1981*

The SAC similarly lacks factual allegations sufficient to state a plausible claim for relief pursuant to § 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  "[P]urposeful discrimination on the basis of race" in

connection with the making, enforcement, modification, or termination of a contract is "a prerequisite for liability under § 1981." *Forney v. Hitner*, 2014 WL 171948, at *2 (W.D. Wash. Jan. 15, 2014) (citing *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)); *see also Garrett v. Tandy Corp.*, 295 F.3d 94, 100 (1st Cir. 2002) ("[I]n order to satisfy the foundational pleading requirements for a suit under section 1981, a [plaintiff] must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus.").  The SAC contains no allegation of discrimination based on race and, therefore, does not state a plausible claim pursuant to § 1981.[4] Accordingly, the SAC fails to assert federal question subject matter jurisdiction pursuant to § 1981.

## 2.   *Diversity Jurisdiction*

In order to establish diversity jurisdiction, Plaintiff must establish complete diversity of the parties.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than *each*

---

[4]  And to the extent Plaintiff asserts subject matter jurisdiction pursuant to other federal civil rights statutes, the SAC's lack of any reference to discrimination on any basis is fatal to this effort.

of the defendants") (emphasis added).  That is, the SAC must allege facts

sufficient to establish diversity of citizenship between Plaintiff and each of the

Defendants.  *See id.*; *see also* Dec. 23 Order at 2-3 ("Plaintiff . . . failed to allege

facts that would support diversity jurisdiction -- *i.e.*, specific facts showing that

*none* of the individual and corporate Defendants is a citizen of Hawaii.")

(emphasis added); *but see Carolina Cas. Ins. Co. v. Team Equip., Inc.*,

___F.3d___, 2014 WL 407389, at *4 (9th Cir. Feb. 4, 2014) ("[W]here the facts

supporting jurisdiction are not reasonably ascertainable by the plaintiff," through

public documents, a plaintiff may avoid dismissal by "plead[ing] its allegations on

the basis of information and belief.").  And when determining diversity

jurisdiction, a corporation is considered a citizen of both the state in which it is

incorporated and the state in which it has its principal place of business.  28

U.S.C. § 1332(c)(1).

   The SAC alleges that Plaintiff's home is at "73-4522 Hane St., Kailua

Kona, HI."  Doc. No. 14, SAC ¶ 17 and at page 18 (listing current address as

Kailua Kona, HI).  The SAC further alleges that "Defendant Island Home, Inc. is a

United States Corporation with [its] primary office at 65-1291 Kawaihae Road,

Suite 101, Kamuela, HI 96743."  *Id.* ¶ 3.  The SAC does not allege citizenship for

several Defendants including Nielsen, Yeager, Otting, Routh, Faris, Robert, and

Mayopoulis, but it does allege each individual's position with a corporate

Defendant, whose primary place of business or corporate headquarters is alleged.

Although the court recognizes that addresses for some of the

individual Defendants may not be available through public records, the allegation

that Island Home's primary place of business is in Hawaii is fatal to diversity

jurisdiction.  Thus, the SAC fails to establish diversity jurisdiction.

Based on the foregoing, the SAC fails to establish subject matter

jurisdiction either through federal question jurisdiction or diversity jurisdiction.

## B.     Rule 8

As set forth above and in this court's prior orders, a complaint may be

dismissed for failure to comply with Rule 8.  *See McHenry*, 84 F.3d at 1178-80.

Although the SAC contains more detailed allegations about some

Defendants than prior pleadings, it nevertheless still fails to comply with Rule 8.

For example, the SAC names as Defendants:  Routh, Crabtree, Olsen; Routh;

Faris; Experian; Robert; Fannie Mae; and Mayopoulis; but fails to include any

allegations concerning these Defendants.  *See id.*  In addition, although the SAC

names Ocwen as a Defendant, the sole allegation referencing Ocwen indicates that

"One West Bank sold [Plaintiff's] mortgage to Ocwen Loan."  Doc. No. 14, SAC

¶ 71.  As to these Defendants, the SAC fails to "provide[] fair notice of the wrongs

allegedly committed." *Mendiondo*, 521 F.3d at 1105 n.4.  Thus, the SAC fails to

comply with Rule 8.

## C.    Duplicative Action

Plaintiff filed two separate actions in federal court against Defendants

One West, Otting, Ocwen, and Faris -- the instant action and *Caldarone v. Otting*,

Civ. No. 13-00516 DKW-BMK.  As explained in the December 23, Order:

> Plaintiffs generally have "no right to maintain two
> separate actions involving the same subject matter at the
> same time in the same court and against the same
> defendant." *Adams v. Cal. Dep't of Health Services,* 487
> F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton
> Corp.*, 563 F.2d 66, 70 (3d Cir. 1077) (additional
> citations omitted)); *see also Spagnolo v. U.S. Social Sec.
> Admin.*, 2012 WL 5415370, at *1 (D. Haw. Nov. 5,
> 2012) (dismissing pro se plaintiff's suit without
> prejudice as nearly identical to and seeking the same
> relief as his earlier and still pending case).  Even when,
> as here, the defendants in each suit are not identical, a
> court may dismiss a second suit in whole, or in part, as
> duplicative to the extent the claims and factual
> allegations are the same and the actions of the newly
> named defendants form a partial basis for the previous
> suit.  *See M.M. v. Lafayette School Dist.*, 681 F.3d 1082,
> 1091 (9th Cir. 2012) (dismissing claims that were
> duplicative of claims asserted in a prior action).

Doc. No. 9, Dec. 23 Order at 3.  Where multiple actions "involve a common

question of law or fact," Rule 42 grants the court discretion to "issue any . . .

order[] to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Curtis*

*v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); *Spagnolo*, 2012 WL 5415370, at *1.

A review of the record in both cases shows that Plaintiff is seeking essentially the same relief arising out of the same foreclosure action from these four Defendants in both actions.  Thus, Plaintiff not only failed to show that these two actions are not duplicative, but he also failed to show why this action should not be dismissed as duplicative, at least as to these four Defendants.

///

///

///

///

///

///

///

///

///

///

## V.  <u>CONCLUSION</u>

Based on the foregoing, the court DISMISSES the SAC without prejudice.[5]  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 25, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Caldarone v. Nielsen, et al.*, Civ. No. 13-00628 JMS-RLP, Order Dismissing Second Amended Complaint without Prejudice.

---

[5] Rather than dismiss with prejudice, the court dismisses this action without prejudice in the event Plaintiff may be able to refile his state law claims in state court.